IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00034-PAB

CITY OF GOLDEN, COLORADO,

    Plaintiff,

v.

UNITED STATES FISH AND WILDLIFE SERVICE, et al.,

    Defendants.

# ORDER

This matter is before the Court on plaintiff's unopposed motion to consolidate [Docket No. 2] this case with Civil Action No. 11-cv-03294-PAB pursuant to Fed. R. Civ. P. 42(a)(2) and D.C.COLO.LCivR 42.1 and the parties' joint status report [Docket No. 6].

When plaintiff filed its motion to consolidate, this case was assigned to the Court's AP docket. Therefore, the motion to consolidate should have been filed in Civil Action No. 11-cv-03294-PAB. *See* D.C.COLO.LCivR 42.1 ("A motion to consolidate shall be decided by the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial."). The matter has since been reassigned to me pursuant to D.C.COLO.LCivR 40.1C. *See* Docket No. 3. Therefore, the Court will take up the motion in this case.

Pursuant to Fed. R. Civ. P. 42(a)(2), the Court is permitted to consolidate actions if they "involve a common question of law or fact." The Court has "broad

discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." 9A Wright & Miller, *Federal Practice & Procedure – Civil*, § 2381 (3d ed. 2011). As the parties point out, the two cases challenge the same administrative decision based on primarily the same legal grounds, involve identical defendants, and seek common relief. *See* Docket No. 2 at 2-3.[1] The Court finds that the two cases have substantial questions of law and fact in common and that consolidation would serve the interests of judicial economy. *See* Fed. R. Civ. P. 42(a).

The parties have also filed a joint status report. *See* Docket No. 6.[2] The parties

> request guidance from the Court before committing resources to issues that may be affected by consolidation, such as the need for separate administrative record(s). Other issues that the parties wish to address include: whether a single docket number will be used for both cases, whether briefing of the cases will be consolidated, and whether the parties ought to submit one Joint Case Management Plan in the event of consolidation.

Docket No. 6 at 2. Defendants have yet to file an answer in either of the aforementioned cases. Upon the filing of an answer, the Court will issue an order with instructions for preparing a joint case management plan pursuant to D.C.COLO.LAPR 16.1A. The parties will have the opportunity when preparing that plan to express their views on the various issues raised in the joint status report.

For the foregoing reasons, it is

**ORDERED** that plaintiff's unopposed motion to consolidate [Docket No. 2] this

---

[1] No party in either matter objects to consolidation. *See* Docket No. 2 at 1.

[2] The parties in Civil Action No. 11-cv-03294-PAB have filed an identical status report in that matter. *See* Docket No. 19 in 11-cv-03294-PAB.

case with Civil Action No. 11-cv-03294-PAB is GRANTED. This case and Civil Action No. 11-cv-03294-PAB shall be consolidated. It is further

**ORDERED** that this order shall be docketed in both this case and in Civil Action No. 11-cv-03294-PAB, which will constitute the lead case.

DATED January 27, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge