IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03294-PAB (consolidated with Civil Action Nos. 12-cv-00034-PAB and 12-cv-00388-PAB)

THE TOWN OF SUPERIOR, a Colorado municipality,
CITY of GOLDEN, COLORADO,
WILDEARTH GUARDIANS,
ROCKY MOUNTAIN WILD,

    Plaintiffs,

v.

UNITED STATES FISH AND WILDLIFE SERVICE,
UNITED STATES DEPARTMENT OF THE INTERIOR,
KEN SALAZAR, acting in his official capacity as Secretary of the Interior,
DANIEL M. ASHE, acting in official capacity as Director of the United States Fish and Wildlife Service,
STEVE GUERTIN, acting in his official capacity as Regional Director of the Mountain-Prairie Region of the United States Fish and Wildlife Service,
STEVE BERENDZEN, acting in his official capacity as Rocky Flats National Wildlife Refuge Manager,

    Defendants, and

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, COLORADO,
CITY OF ARVADA,
JEFFERSON PARKWAY PUBLIC HIGHWAY AUTHORITY,
NATURAL RESOURCE TRUSTEES OF THE STATE OF COLORADO, and
THE BOARD OF LAND COMMISSIONERS OF THE STATE OF COLORADO,

    Defendant-Intervenors.

**ORDER**

    This matter is before the Court on the Motion for Injunction Pending Appeal [Docket No. 126] filed by plaintiffs WildEarth Guardians, Rocky Mountain Wild, and

Town of Superior.[1] The Court issued an order on December 21, 2012 dismissing plaintiffs' challenge to the decision of the United States Fish and Wildlife Service ("FWS") to enter into a land exchange. Docket No. 122. Having ruled against plaintiffs on the merits, the Court issued a minute order [Docket No. 123] denying as moot plaintiffs' Joint Motion for Preliminary Injunction [Docket No. 99] and Joint Motion to Renew Plaintiffs' Joint Motion for Preliminary Injunction [Docket No. 121]. On December 26, 2012, plaintiffs appealed this Court's final order and moved to enjoin the land exchange pending that appeal. Docket Nos. 126, 127, 128.

Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, a district court may "suspend, modify, restore, or grant an injunction" while "an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction." *See also* FED. R. APP. P. 8(a)(1)(A) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal"). This rule "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (internal citations and quotation marks omitted). Accordingly, a district court may not act under Rule 62(c) to alter the status quo. *Newton v. Consol. Gas Co. of N.Y.*, 258 U.S. 165, 177 (1922).

The Court's December 21, 2012 order ruled in favor of defendants on the merits. Docket No. 122. Thus, the ability of various entities to complete the land exchange is the status quo. *See* Docket No. 122 at 95-96. Granting the plaintiffs' motion for a

---

[1] Plaintiff City of Golden did not join in the appeal or the motion for an injunction pending appeal.

preliminary injunction would alter the status quo, which Rule 62(c) does not permit.  *See Natural Res. Def. Council*, 242 F.3d at 1166.  In the alternative, obtaining an injunction pending appeal requires plaintiffs to show the same four elements necessary to obtain a preliminary injunction: likelihood of success on the merits, irreparable harm absent an injunction, lack of harm to the opposing party, and no adverse public impacts.  *Planned Parenthood of Kan. & Mid-Mo. v. Brownback*, 799 F. Supp. 2d 1218, 1236 (D. Kan. 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also* 10th Cir. R. 8.1 (stay or injunction pending appeal).

Plaintiffs concede that, having lost on the merits, they are not likely to establish the first element.  Docket No. 126 at 3.  However, they urge the Court to grant an injunction unless it "concludes there is no possibility the Tenth Circuit will reverse its Order."  *Id.*  They argue that departing from the standard is necessary to avoid the outcome of *Kettle Range Conservation Grp. v. United States Bureau of Land Mgmt.*, 150 F.3d 1083, 1085-86 (9th Cir. 1998), in which the district court did not rule in plaintiffs' favor until the challenged land exchange was nearly complete, leaving plaintiffs without a meaningful remedy.  Plaintiffs state that the "only distinction" between *Kettle Range* and the instant case is that here the Court has ruled against plaintiffs on the merits, but assert that the "same practical problem exists."  Docket No. 126 at 4.  This distinction, however, necessitates a different outcome.  As the Court has fully considered the merits of plaintiffs' challenge, *Kettle Range* does not provide a basis for altering the standards for issuance of an injunction.

In addition, plaintiffs do not establish that they will suffer irreparable harm absent an injunction.  The consequences plaintiffs seek to avert flow mainly from the

3

construction of the proposed parkway and not the land exchange itself.  *See* Docket No. 99 at 4-8 (citing risk of plutonium contamination and destruction of Preble's mouse critical habitat as harms of challenged action).  In order to move forward with construction, however, the Jefferson Parkway Public Highway Authority will be required to conduct additional environmental analyses.  *See* Docket No. 122 at 69-70.  Plaintiffs have failed to show irreparable harm given that additional administrative processes will take place before parkway construction begins.

Finally, defendants have demonstrated that an injunction will harm their interests.  The escrow agreement provides that, in the event of an injunction, the land exchange will terminate.  Docket No. 55-1 at 27.  Defendants claim, and plaintiffs fail to demonstrate otherwise, that their ability to put together a similar land exchange is uncertain.  Docket No. 132 at 3-4; Docket No. 111-5 at 8-9; Docket No. 111-6 at 9.

In sum, plaintiffs fail to establish three factors necessary to demonstrate entitlement to an injunction: likelihood of success on the merits, irreparable harm in the absence of an injunction, and lack of harm to the opposing party if an injunction issues.

For the foregoing reasons, it is

**ORDERED** that plaintiffs WildEarth Guardians, Rocky Mountain Wild, and Town of Superior's Motion for Injunction Pending Appeal [Docket No. 126] is DENIED.

DATED December 28, 2012.

BY THE COURT:

S/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge